NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

NORTH CAROLINA COASTAL MOTOR
LINES, INC., Respondent.

NORTH CAROLINA COASTAL MOTOR
LINES, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

Nos. 76–1135, 76–1401.

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 25, 1976.

Decided Sept. 29, 1976.

David F. Zorensky, Atty., N.L.R.B., Washington, D.C. (John S. Irving, Jr., Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., on brief), for petitioner in No. 76–1135 and for respondent in No. 76–1401.

Robert A. Valois, Raleigh, N.C. (Frank P. Ward, Jr., Maupin, Taylor & Ellis, Raleigh, N.C., on brief), for respondent in No. 76–1135 and for petitioner in No. 76–1401.

Before CRAVEN and BUTZNER, Circuit Judges, and FIELD, Senior Circuit Judge.

PER CURIAM:

Displeased that its Baltimore city drivers had voted to be represented by the Union,[1] North Carolina Coastal Motor Lines, Incorporated, countered by refusing to bargain with the Union, and worse, by unilaterally transferring the work performed by its Baltimore city drivers to its over-the-road drivers. The work change was effected without any consultation or bargaining with the Union, and indeed, without even formal notice. On substantial evidence the Board found that the Company's claim of economic justification was pretextual and that it eliminated its city drivers' jobs to punish union adherents.

1. Freight Drivers and Helpers Local Union No. 557, International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America.

On these facts it does not matter whether we view what happened as simply a transfer of work from Union employees to non-Union employees or as a partial dismantling of a business enterprise. It is true that a decision to withdraw from business lies at the core of entrepreneurial control and there is no duty to bargain collectively with respect to such a managerial decision. *Fiberboard Corp. v. NLRB,* 379 U.S. 203, 223, 85 S.Ct. 398, 13 L.Ed.2d 233 (1964) (Stewart, J., concurring). But even so there is a duty to bargain over the *effect* of a partial closing of a business as distinguished from whether or not to close. The distinction is a real one. Bargaining over the effect of closing may result in substitute employment in other operations of the employer. *NLRB v. Drapery Mfg. Co.,* 425 F.2d 1026, 1028 (8th Cir. 1970). Such bargaining can result in better severance pay, pension eligibility, and recognition of seniority in the event of reopening and rehiring. *NLRB v. Royal Plating & Polishing Co.,* 350 F.2d 191, 196 (3d Cir. 1965). The curtailment of work is properly the subject of collective bargaining, although a managerial decision to close a plant, or to move it, is not. *NLRB v. Rapid Bindery, Inc.,* 293 F.2d 170, 176 (2d Cir. 1961).

The Board ordered the Company to reinstitute and restore the work previously performed by its Baltimore city drivers and to offer to three of those drivers immediate and full reinstatement of their former positions or to substantially equivalent positions and to make them whole for any loss of pay suffered. Such a remedy on these facts is not an abuse of the Board's broad discretion in its field of specialization. *NLRB v. Drapery Mfg. Co., supra* at 1029.[2]

On the petition of the Board for enforcement and the cross-petition of the respondent for review, the order of the Board in its entirety will be

*ENFORCED.*

---

**2.** The Company argues on appeal that because of changed circumstances occurring after the entry of the Board's order the remedy is now inappropriate. We agree with the Board that this issue should be raised in the compliance proceedings on remand. *See* Reply Brief for N.L.R.B. at 3.