**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**R & H MASONRY SUPPLY, INC., Respondent.**

No. 79–7216.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 1980.

Decided Sept. 17, 1980.

Elliott Moore, Washington, D.C., on brief; Janet McCaa, Washington, D.C., for petitioner.

Lane Jay Liroff, Boulder Creek, Cal., for respondent.

Before · TRASK and FARRIS, Circuit Judges, and NIELSEN,* District Judge.

FARRIS, Circuit Judge:

The National Labor Relations Board petitions for enforcement of its order issued against R & H Masonry Supply, Inc., on September 29, 1978. We enforce in part and remand in part.

R & H Masonry Supply, Inc., is a small firm which supplies building materials to contractors. Prior to the time of the unfair labor practices involved here, it delivered the goods it sold and had six employees—two yardmen and four truck drivers. In July of 1977, all six employees signed union authorization cards, and on August 1, the union requested that Masonry Supply rec-

---

* Honorable Leland C. Nielsen, U. S. District Judge for the Southern District of California, sitting by designation.

ognize it as the collective bargaining agent of the employees and petitioned the Board for an election. Shortly thereafter, Masonry Supply manager Grant called three employees into his office individually and asked each whether he had signed a union card. On August 10th or 11th, Masonry Supply president Guillemin offered to sell his trucks to an independent trucking firm. The offer was accepted and on August 12 Masonry Supply discharged all four of its drivers. One driver questioned whether his union activity was the reason for the sale of the trucks and Grant's response indicated that it was. Masonry Supply also fired one yardman and elevated the other to a "managerial" position that involved basically the same work the employee had previously performed.

Masonry Supply sold two trucks to the independent trucking firm and one truck to one of its former drivers. It arranged for both the independent trucking firm and the former driver to perform hauling services for the company. That former driver and another former driver hired by the independent firm, therefore, ended up doing the same work they were doing for the company prior to the truck sale and discharges.

The union was certified as the exclusive bargaining representative of Masonry Supply's employees on September 8, but Masonry Supply refused to bargain because all of its employees had been terminated except the one yardman who was elevated to a "managerial" position.

The Board found Masonry Supply in violation of sections 8(a)(1), 8(a)(3) and 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (3), and (5). The Board held, *inter alia*, that Masonry Supply violated section 8(a)(1) by coercively interrogating the employees, sections 8(a)(3) and 8(a)(1) by discharging the employees because of union activity and contracting out their work, and sections 8(a)(5) and 8(a)(1) by refusing to recognize and bargain with the union. The Board ordered Masonry Supply to cease and desist from the unfair labor practices found, to reestablish its trucking operation, to offer reinstatement to the same or substantially equivalent positions to the discharged employees and to make them whole for lost earnings, to recognize and bargain with the union on request, and to post an appropriate notice.

■ Masonry Supply raises three issues on appeal. First, it contends that the Board's findings are not supported by substantial evidence. We have reviewed the record and find that the Board's findings are supported by substantial evidence.

■ Masonry Supply also contends that the Board erred in denying its motion to reopen the hearing so that the testimony of company president Guillemin could be taken. However, Masonry Supply's affidavit did not set forth any new evidence which would be added by reopening the hearing nor did it adequately explain why Guillemin could not have been present at the original hearing. Further, Masonry Supply did not move for a continuance until just eleven days prior to the commencement of the original hearing. The Board did not abuse its discretion in denying the motion. *See* 29 C.F.R. § 102.48(d)(1).

■ Finally, Masonry Supply contends that the portion of the order requiring it to reestablish its trucking operation places an undue burden upon it and therefore should not be enforced. *Fibreboard Paper Products Corp. v. NLRB*, 379 U.S. 203, 216, 85 S.Ct. 398, 405, 13 L.Ed.2d 233 (1964). We agree. The order would require a substantial capital outlay by the company either to purchase or to lease suitable trucks. Reserving judgment on whether such an order may be appropriate in a different situation, the small size of Masonry Supply and its minimal profit margin convince us that the order is inappropriate here. Where a company has subcontracted part of its operation to avoid unionization, Board orders requiring resumption of the subcontracted activity have in some cases been enforced. *See Fibreboard Paper Products Corp. v. NLRB*, 379 U.S. 203, 85 S.Ct. 398, 13 L.Ed.2d 233 (1964); *NLRB v. North Carolina Coastal Motor Lines, Inc.*, 542 F.2d 637 (4th Cir. 1976); *NLRB v. Jackson Farmers, Inc.*, 457

F.2d 516 (10th Cir. 1972). However, where resumption of the subcontracted activity would require a major capital expense, the courts have refused to enforce the Board's orders. *NLRB v. Townhouse T.V. & Appliances, Inc.*, 531 F.2d 826, 831–32 (7th Cir. 1976); *NLRB v. American Manufacturing Co. of Texas*, 351 F.2d 74, 80–81 (5th Cir. 1965). *See also Jay Foods, Inc. v. NLRB*, 573 F.2d 438, 446–47 (7th Cir.), *cert. denied*, 439 U.S. 859, 99 S.Ct. 176, 58 L.Ed.2d 167 (1978).

The Board's order requires Masonry Supply to reinstate the discharged employees. In light of our refusal to enforce the portion of the order requiring Masonry Supply to reestablish its trucking operations, the Board may find some other remedy more appropriate for the discharged employees. *See, e. g., Jay Foods, Inc. v. NLRB*, 573 F.2d at 446–47 (employees to be compensated until they obtain substantially equivalent employment); *NLRB v. Townhouse T.V. & Appliances, Inc.*, 531 F.2d at 832 (employees might be paid wages until a bargain or impasse is reached between the employer and the union on the subcontracting question). We therefore remand this portion of the order to the Board for further consideration.

The Board's order is enforced except for the portions requiring Masonry Supply to reestablish its trucking operation and to reinstate the discharged employees. That portion of the order requiring reinstatement is remanded to the Board for further consideration.

Enforced in part and remanded in part.